UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARIO E. CHAVEZ,
and other similarly
situated individuals,

     Plaintiff(s),

v.

MR BAEZ METAL, CORP.,
and ARSENIO V. BAEZ,
Individually

     Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff MARIO E. CHAVEZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants MR BAEZ METAL, CORP., and ARSENIO V. BAEZ individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIO E. CHAVEZ is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant MR BAEZ METAL, CORP. (from now on MR BAEZ METAL, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4.  The individual Defendant ARSENIO V. BAEZ, a/k/a Adolfo Baez was and is now the owner/partner/officer and manager of Defendant corporation MR BAEZ METAL. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

6.  This cause of action is brought by Plaintiff MARIO E. CHAVEZ as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being adequately compensated.

7.  Defendant MR BAEZ METAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a fence contractor specializing in metal fence manufacturing. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources

by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by manufacturing metal fences. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants MR BAEZ METAL and ARSENIO V. BAEZ employed Plaintiff MARIO E. CHAVEZ as a non-exempt, full-time employee from approximately March 01, 2022, to July 20, 2023, or 72 weeks.

10. During the relevant period, Plaintiff performed as a welder, and he was paid a daily rate of $133.00, or an average of $800.00 weekly, even though Plaintiff was promised a daily rate of $180.00.

11. While employed by Defendants, Plaintiff worked regularly six days per week. Plaintiff worked from Monday to Saturday, from 8:00 AM to 5:30 PM (9.5 hours daily), or an average of 57 hours weekly.  Plaintiff did not take bonafide lunchtime.

12. Plaintiff worked consistently and regularly 57 hours weekly, but he was not paid for overtime hours, as required by law.

13. Every week Plaintiff was paid an average of $800.00, regardless of the number of hours worked.

14. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the hours that Plaintiff and other similarly situated individuals

were working. Plaintiff worked under the supervision of the business owner ARSENIO V. BAEZ.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiff was paid in cash weekly, without paystubs or any kind of records providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

17. On or about July 20, 2023, Plaintiff was fired after he suffered an accident while working.

18. At times mentioned, individual Defendant ARSENIO V. BAEZ  was, and is now, the owner/partner/manager of  MR BAEZ METAL. Defendant ARSENIO V. BAEZ  was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in MR BAEZ METAL's interests concerning its employees, including Plaintiff and others similarly situated. Defendant ARSENIO V. BAEZ had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

19. Plaintiff MARIO E. CHAVEZ seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

22. This action is intended to include every welder, metalworking employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff MARIO E. CHAVEZ re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full.

24. Plaintiff MARIO E. CHAVEZ brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being adequately compensated.

25. Defendants MR BAEZ METAL and ARSENIO V. BAEZ employed Plaintiff MARIO E. CHAVEZ as a non-exempt, full-time employee from approximately March 01, 2022, to July 20, 2023, or 72 weeks.

26. During the relevant period, Plaintiff performed as a welder, and he was paid a daily rate of $133.00, or an average of $800.00 weekly, even though at hiring, Plaintiff was promised a daily rate of $180.00.

27. While employed by Defendants, Plaintiff worked regularly six days per week, an average of 57 hours weekly.  Plaintiff did not take bonafide lunchtime.

28. Plaintiff worked consistently and regularly 57 hours weekly, but he was not paid for overtime hours, as required by law.

29. Every week, Plaintiff was paid an average of $800.00, regardless of the number of hours worked.

30. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew about the hours that Plaintiff and other similarly situated individuals worked. Plaintiff worked under the supervision of the business owner, ARSENIO V. BAEZ.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

32. Plaintiff was paid in cash weekly, without paystubs or any records providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

33. On or about July 20, 2023, Plaintiff was fired after he suffered an accident while working.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

36. Plaintiff does not have time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a.  Total amount of alleged unpaid O/T wages:

    Eight Thousand Five Hundred Ninety-Two Dollars and 48/100 ($8,592.48)

b.  Calculation of such wages:

    Total period of employment: 72 weeks
    Relevant weeks of employment: 72 weeks
    Total number of hours worked: 57 hours
    Total number of unpaid O/T hours: 17 O/T hours
    Paid: $800.00 weekly: 57 hours=$14.04
    Hourly rate: $14.04 x 1.5=$21.06 O/T rate-$14.04 O/T rate paid=$7.02 O/T diff
    Half-time: $7.02 an O/T hour

    Half-time $7.02 x 17 O/T hours=$119.34 weekly x 72 weeks=$8,592.48

c.  Nature of wages (e.g., overtime or straight time):

    This amount represents unpaid half-time overtime wages.[1]

37. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendants MR BAEZ METAL and ARSENIO V. BAEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable Attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff MARIO E. CHAVEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARIO E. CHAVEZ and other similarly situated individuals and against Defendants MR BAEZ METAL and ARSENIO V. BAEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff MARIO E. CHAVEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff MARIO E. CHAVEZ demands a trial by a jury of all issues triable as of right by

a jury.

Date:  January 12, 2024.

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*